IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Weldon Eugene Holtzclaw, Jr., | ) | Case No 6:25-cv-13303-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Prison Litigation Reform Act, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court on Plaintiff's motion for leave to proceed in forma pauperis ("ifp").  ECF No. 7.  In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Kevin F. McDonald for pre-trial proceedings and a Report and Recommendation ("Report").  On November 21, 2025, the Magistrate Judge issued a Report recommending that the motion for leave to proceed ifp be denied.  ECF No. 11.  The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so.  Since the issuance of the Report, Plaintiff has filed objections and a motion to amend.  ECF Nos. 13, 15.

## APPLICABLE LAW AND ANALYSIS

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  See *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the

Magistrate Judge to which a specific objection is made.  The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  See 28 U.S.C. § 636(b).  The Court will review the Report only for clear error in the absence of an objection.  See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

The Court has thoroughly reviewed Plaintiff's filings and considered them in ruling on this action.  Upon de novo consideration of the record in this case, the applicable law, and the Report of the Magistrate Judge, the Court agrees with the recommendation of the Magistrate Judge.  Plaintiff, an incarcerated person proceeding pro se, has previously filed at least three cases which qualify as a strike under the Prison Litigation Reform Act, 29 U.S.C. § 1915(g) ("PLRA").  He therefore cannot proceed in forma pauperis unless he satisfies the exception for "imminent danger of serious physical injury" provided by the three-strikes rule. See id.; Torres v. O'Quinn, 612 F.3d 237, 246 (4th Cir. 2010).  In his complaint, Plaintiff alleges that his rights to file a civil action has been violated by the PLRA.  In his objections, Plaintiff states that an inmate who previously assaulted him has been moved back into his cell.  Throughout his filings, he alleges that Magistrate Judge McDonald has violated his civil rights.  With respect to his allegations that a previously violent inmate has been moved into his cell, the Court finds that Plaintiff's allegations in this regard are cursory and unrelated to the allegations in his complaint.  See Meyers v.

*Comm'r of Soc. Sec. Admin*., 801 F. App'x 90, 96 (4th Cir. 2020) (noting that allegations of imminent danger in the in forma pauperis application must have some nexus or relation to those of the underlying complaint). *See also Hall v. United States of America*, 44 F.4th 218 (4th Cir. 2022) (holding that "the district court must determine whether these allegations are supported by the record and whether they rise to the level of imminent danger"). Accordingly, the Court adopts the Report of the Magistrate Judge and denies Plaintiff's motion for leave to proceed ifp.[1]

---

[1] To the extent Plaintiff's response to the proper form order [10] should be considered an appeal, the Court will address that here. The Magistrate Judge's order is non-dispositive. Federal Rule of Civil Procedure 72(a) permits a party to submit objections/appeals to a magistrate judge's ruling on non-dispositive matters. Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any [non-dispositive] pretrial matter . . . where it has been shown that the magistrate's order is clearly erroneous or contrary to law."). The objections/appeal must be filed and served within 14 days after being served a copy of the non-dispositive order. *Id*. Further, the Court's review is governed by the clearly erroneous or contrary to law standard of review. *Id*. Only if the decision is clearly erroneous or contrary to law may the district judge modify or set aside any portion of the decision. *Id*. A court's "finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364 (1948). The Court has reviewed the Magistrate Judge's order and Plaintiff's appeal. Upon such review, the Court finds that the Magistrate Judge's order is neither clearly erroneous nor contrary to law. Accordingly, the appeal is denied.

   To the extent any of Plaintiff's filings should be liberally construed as requesting recusal of the undersigned, that request is denied. Recusal of federal judges is generally governed by 28 U.S.C. § 455. Subsection (a) of § 455 provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." In the Fourth Circuit, this standard is analyzed objectively by considering whether a person with knowledge of the relevant facts and circumstances might reasonably question the judge's impartiality. *United States v. Cherry*, 330 F.3d 658, 665 (4th Cir. 2003). It appears that any request for recusal is solely based upon prior rulings in Plaintiff's various cases. However, judicial rulings alone,

## **CONCLUSION**

Accordingly, the Court adopts the recommendations of the Magistrate Judge. Plaintiff's motion to proceed in forma pauperis [7] is **DENIED**. Plaintiff is **DIRECTED** to pay the full filing fee $405[2] within 21 days of the date of this Order. If Plaintiff chooses not to pay the filing fee by that time, this matter shall be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g). Plaintiff's motion to amend is denied with leave to refile in the event that he pays the filing fee.[3]

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.<br>United States District Judge

January 9, 2026
Spartanburg, South Carolina

---

"almost never constitute a valid basis for a bias or partiality motion." *See Liteky v. U.S.*, 510 U.S. 540, 555 (U.S. 1994). "In and of themselves (*i.e.*, apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism." *Id.* Any such request, therefore, is insufficient as a matter of law to establish any basis for recusal and is denied.

[2] Effective May 1, 2013, an administrative fee of $50 was added to the filing fee of $350. On December 1, 2023, the administrative filing fee increased to $55. Any check for the filing fee should be made payable to "Clerk, U.S. District Court."

[3] Plaintiff is informed that any documents submitted by Plaintiff after today will be reviewed but will not receive a response unless deemed necessary by either the Magistrate Judge or the undersigned.